UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PIKE COUNTY, MISSISSIPPI
BY ITS BOARD OF SUPERVISORS                                    PLAINTIFF

VS.                                       CIVIL ACTION NO. 3:11CV57TSL-MTP

INDECK MAGNOLIA, LLC                                           DEFENDANT

MEMORANDUM OPINION AND ORDER

  This cause is before the court on the motion of plaintiff/counterdefendant Pike County, Mississippi for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the tort and implied breach of contract counterclaims asserted against it by defendant/counterplaintiff Indeck Magnolia, LLC (Indeck). Indeck has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes the motion is well taken and should be granted.

  The present litigation concerns a certain parcel of land owned by Indeck and located in Pike County, Mississippi. Indeck purchased the property from Pike County for the purpose of constructing and operating a wood pallet manufacturing facility. On December 22, 2010, Pike County filed suit against Indeck in the Chancery Court of Pike County, Mississippi, alleging that under the terms of the parties' contract, Indeck had two years within

which to construct the said facility, failing which Pike County had the right to re-purchase the property for Indeck's original purchase price, $128,400; the County sought specific performance of Indeck's alleged obligation to convey title to the property to Pike County.  Contemporaneously with filing suit, the County filed a *Lis pendens* notice in the Chancery Court land records.

Indeck removed the case to this court on the basis of diversity jurisdiction, then filed its answer, along with a counterclaim against the County for breach of contract, breach of the implied duty of good faith and fair dealing, and conspiracy to interfere with contractual relations.  Indeck alleged that Pike County's actions in filing the lawsuit and *Lis pendens* notice violated the contract, as the County had agreed to a modification extending the two-year completion deadline, and alleged further that the County's actions were undertaken in an effort to block Indeck's planned sale of the subject property to a third party, Investar Redevelopment LLC.

By the present motion, the County seeks dismissal of Indeck's counterclaims for breach of the implied duty of good faith and fair dealing and conspiracy to intentionally interfere with contractual relations, on the basis of sovereign immunity.[1]

---

[1] The breach of contract counterclaim is not at issue on the present motion; the County has no immunity to claims for its alleged breach of contract.  See Gulfside Casino P'ship v. Mississippi State Port Auth., 757 So. 2d 250, 256 (Miss. 2000)

The Mississippi Tort Claims Act (MTCA), Miss. Code Ann. § 11-46-1 *et seq.*, defines the parameters for sovereign immunity within this state.  Jackson v. Estate of Stewart ex rel. Womack, 908 So. 2d 703, 709 (Miss. 2005).  The MTCA initially provides in § 11-46-3 that governmental entities, like Pike County,[2] "always have been and shall continue to be immune from suit at law or in equity on account of any ... tortious act or omission or breach of implied term or condition of any warranty or contract ... by the state or its political subdivisions....," Miss. Code Ann. § 11-46-3; then, § 11-46-5 effects a limited waiver of sovereign immunity "from claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment," Miss. Code Ann. § 11-46-5.

In its motion, Pike County originally asserted that its sovereign immunity from suit "on account of any ... breach of implied term or condition of any ... contract...," as set forth in

---

("The general rule is that when the legislature authorizes the State's entry into a contract, the State necessarily waives its immunity from suit for a breach of contract."); see also Jackson v. Estate of Stewart ex rel. Womack, 908 So. 2d 703, 711 (Miss. 2005) (Mississippi Tort Claims Act limited waiver of sovereign immunity "does no violence to the reasoning in prior decisions which refused to allow the state and its political subdivisions to invoke sovereign immunity to escape its written contractual obligations.").

[2]   See Miss. Code Ann. § 11-46-1(g) (defining "governmental entity" to include the state and political subdivisions); § 11-46-1(i)(defining "political subdivision" to include counties).

§ 11-46-3, is not waived by § 11-46-5(1), which by its express terms waives sovereign immunity only from claims "arising out of the *torts* of governmental entities and the *torts* of their employees...."  See § 11-46-5(1) (emphasis added).  In its response, however, Indeck pointed out that in Estate of Stewart, supra, the Mississippi Supreme Court held that § 11-46-5(1)'s waiver of tort immunity applied to a claim for breach of implied contract and thus permitted the plaintiff therein to proceed against a governmental entity on a breach of implied contract theory.  See Estate of Stewart, 908 So. 2d 703, 711 (Miss. 2005) (holding that while § 11-46-3 grants immunity to the state and its political subdivisions for "breach of implied term or condition of any warranty or contract," § 11-46-5 provides a limited waiver of this immunity); see also Whiting v. University of Southern Mississippi, 62 So. 3d 907, 919 (Miss. 2011) (holding that MTCA waived university's sovereign immunity as to plaintiff's claim for breach of implied contractual term or warranty) (citing Estate of Stewart).  In rebuttal, Pike County has implicitly acknowledged that under the court's holding in Estate of Stewart, and more recently in Whiting, its immunity as to Indeck's claim for breach of the implied duty of good faith and fair dealing is likely considered to have been waived by § 11-46-5(1).  It submits, however, that if this claim is covered by the MCTA's waiver of

4

immunity, then it is subject to dismissal for the reason that Indeck failed to provide presuit notice, as required by the Act.

In light of Estate of Stewart, this court must conclude that the MTCA's waiver of sovereign immunity, as interpreted by the Mississippi Supreme Court, applies to Indeck's claim for breach of the duty of good faith and fair dealing.[3]  However, the court

---

[3]   While the waiver of immunity in § 15-46-5(1) would readily extend to a *tortious* breach of implied term or condition of any warranty or contract, it is not apparent to this court that a waiver of immunity for the *torts* of governmental entities and their employees was intended to effect a waiver of immunity from a claim for the *nontortious* breach of implied term or condition of any warranty or contract; yet that is evidently what the court held in Estate of Stewart, with no explanation of its reasoning. See 21st Avenue, Ltd. v. City of Gulfport, 988 So. 2d 412, 417, 417 n.3 (Miss. Ct. App. 2008) (observing that "[w]hile [the § 15-46-5(1)] waiver contains no explicit reference to implied warranty and implied-contract claims against governmental entities, the supreme court in Estate of Stewart determined, without explanation, that the section 11-46-5 waiver applied to a breach of implied contract claim" and specifically held that "the breach of the implied term or condition of warranty or contract does not have to be tortious").  The 21st Avenue Court, after noting it was "bound to uphold and apply all precedent handed down from the supreme court" and was not "empowered to reverse the precedent surrounding the issue presented," id. at 417 n.3 (citation omitted), held based on Estate of Stewart that a plaintiff's implied-contract causes of action were governed exclusively by the MTCA. Id.

It may be that a claim for breach of the implied duty of good faith and fair dealing would be properly categorized as a claim for *tortious* breach of an implied contract term. See Braidfoot v. William Carey College, 793 So. 2d 642, 651 (Miss. Ct. App. 2000) ("The tort of breach of a duty of fair dealing, which emanates from the law on contracts, provides that '[a]ll contracts contain an implied covenant of good faith and fair dealing in performance and enforcement.'") (citation omitted); cf. Bobby Kitchens, Inc. v. Mississippi Ins. Guar. Ass'n, 560 So. 2d 129, 134-135 (Miss. 1989) ("[T]he 'tort' of breach of 'an implied duty of good faith and fair dealing,' being a hybrid of contract, is not a tort in

5

further concludes that this claim must be dismissed on account of Indeck's acknowledged failure to comply with the MTCA's notice of claim provisions.

>   Section 11-46-11(1) of the MTCA states:

>   After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity.

See Kimball Glassco Residential Center, Inc. v. Shanks, 2011 WL 2237604, 2 (Miss. 2011) ("A party instigating a claim under the MTCA must file a notice of claim with the chief executive officer of the governmental entity ninety days before maintaining an action.) (citing § 11-46-11(1)).  While the Mississippi Supreme Court has recently held that the notice of claim requirement is not jurisdictional and thus subject to waiver, see Stuart v. Univ. of Mississippi Med. Ctr., 21 So. 3d 544, 550 (Miss. 2009), the requirement continues to "'impose[] a condition precedent to the right to maintain an action,'" Miss. Dep't of Pub. Safety v. Stringer, 748 So. 2d 662, 665 (Miss. 1999), so that, absent

---

the general sense.") (citation omitted).  But under Estate of Stewart, whether tortious or nontortious, the court must conclude that the County's immunity as to such claim is waived by § 15-46-5(1).

waiver, dismissal is required for noncompliance with the notice requirement.

Indeck does not dispute that it did not give notice of claim to the County's chief executive officer at any time prior to filing its counterclaim herein.  However, citing Black's Law Dictionary, 2d ed. at p. 747 (1950), which states that "[t]o maintain a suit or action is to commence or institute it," Indeck contends it never "commenced" or "initiated" a legal action against the County.  Instead, the lawsuit was commenced by Pike County, and Indeck merely asserted its claims via counterclaim filed in response to the County's own complaint.  Indeck concludes, therefore, that it was not required to provide a notice of claim and that its claim is not subject to dismissal for failure to provide such notice.

In the court's opinion, the fact that Indeck's claim was asserted via counterclaim and not as an original action commenced by Indeck does not obviate the notice of claim requirement.  In Zumwalt v. Jones County Board of Supervisors, 19 So. 3d 672, 688 (Miss. 2009), the claims under consideration were asserted against the County Board of Supervisors by way of counterclaim.  And while the court held that the MTCA did not apply to Zumwalt's counterclaim for intentional interference with contract, see infra at 9, it observed that her counterclaim for conversion was "arguably subject to the MTCA, so pre-suit notice to the

governmental entity of such a claim generally is required." <u>Id</u>. at 689.  Although the court ultimately found it "unnecessary to address whether Zumwalt failed to adhere to the MTCA's notice requirement for her conversion claim" since she had no ownership interest in anything she claimed had been wrongfully converted, the court's opinion indicates the court considered compliance with the notice provision was required for Zumwalt's conversion counterclaim.[4]  Since Indeck has effectively conceded it failed to give the required notice of claim, its counterclaim for breach of the implied duty of good faith and fair dealing must be dismissed.

The County argues that it is entitled to dismissal of Indeck's claim against it for conspiracy to interfere with Indeck's contract with Investar since this claim is among the

---

[4] The court notes that other courts, addressing pre-suit notice requirements in other contexts, have reached different conclusions on whether pre-suit notice provisions apply to counterclaims. For example, in <u>Nerbonne, N.V. v. Lake Bryan International Properties</u>, the court implicitly recognized that a counterclaim was subject to a notice requirement but denied summary judgment because the record did not reflect that the counterclaimant "neglected to make the demand" or that the statute of limitations would cause him to be "unable to timely comply with the pre-notice requirements of the statute." 689 So. 2d 322, 326 (Fla. Ct. App. 5 Dist. 1997).  But in <u>Helle v. Brush</u>, 53 Ill.2d 405, 409, 292 N.E.2d 372 (Ill. 1973), the court held that "the notice sections of (Illinois') Tort Immunity Act should not be construed to bar an action by an injured party who failed to serve notice of injury ... on such entity, if he is first sued by the entity"). 53 Ill. 2d 405, 409, 292 N.E. 2d 372, 374-375 (Ill. 1973).

8


torts excepted from the MTCA's waiver of sovereign immunity.[5] While the MTCA generally waives a governmental entity's tort immunity, § 11-46-5(2) excepts certain intentional torts from this waiver, providing that "a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted . . . malice." The Mississippi Supreme Court held in <u>Zumwalt v. Jones County Board of Supervisors</u> that tortious interference with contract falls within this exception, stating,

> Subsection (2) of Mississippi Code Section 11-46-5 provides that torts constituting fraud, malice, libel, slander, defamation, or any criminal offense other than traffic violations are not within the course and scope of employment. Miss. Code Ann. § 11-46-5(2) (Rev. 2002). Thus, these intentional torts are outside the scope of the MTCA's waiver of immunity, and the MTCA does not apply.
>
> Tortious interference with business relations and contracts requires proof of malice as an essential element. Therefore, the MTCA does not apply to these torts ....

19 So. 3d 672, 688 (Miss. 2009).

While Indeck does not dispute that the County would be immune from a claim for intentional interference with contract, it argues that it has not asserted a claim for intentional interference with contract and that it has instead asserted a claim for *civil*

---

[5] Because the MTCA does not apply to all claims against governmental entities, each claim must be examined for MTCA application. <u>Zumwalt v. Jones County Bd. of Sup'rs</u>, 19 So. 3d 672, 688 (Miss. 2009).

*conspiracy* to interfere with its contract with Investar, which Indeck submits does not require proof of malice. In the court's opinion, Indeck's position is without merit. As the County notes, an actionable civil conspiracy must be "a combination of persons for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully." Levens v. Campbell, 733 So. 2d 753, 761 (Miss. 1999) (rejecting claim of conspiracy to tortiously interfere with contractual relations since the plaintiff "failed to show that [the defendant] maliciously interfered with her employment"). As the County aptly observes, no one can have a state of mind to "agree" to commit an unlawful act of maliciously interfering with a contract without themselves having, at the time of that agreement, a state of mind which includes malice. See also Ryals v. Pigott, 580 So. 2d 1140, 1156 (Miss. 1990) (no agreement to interfere with business enterprise could be actionable as civil conspiracy because alleged purpose of agreement did not involve conduct which would itself have been an actionable tort); cf. McBroom v. Payne, No. 1:06cv1222-LG-JMR, 2010 WL 3942010, 9 (S.D. Miss. Oct. 6, 2010) (holding that claim for civil conspiracy to use excessive force "constitute[d] some form of malice," and therefore, "these alleged acts cannot be considered 'within the course and scope of employment' under the MTCA).

It follows that Pike County's agreeing with others to maliciously interfere with Indeck's contractual relations would "constitute malice" itself, and the County is as much immune from Indeck's conspiracy claim as it is immune from Indeck's claim of malicious interference itself.  For this reason, Indeck's conspiracy claim is due to be dismissed.[6]

Based on the foregoing, it is ordered that Pike County's motion for partial summary judgment is granted, and Indeck's claims for breach of the implied duty of good faith and fair dealing, and conspiracy to interfere with contractual relations, are dismissed.

SO ORDERED this 5th day of August, 2011.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[6] Even if the MTCA applied to this claim, the claim would be dismissed along with the breach of implied duty of good faith and fair dealing claim, on account of Indeck's failure to comply with the notice of claim requirement.  See supra 6-8.